S91A0707. SCRUGGS v. GEORGIA DEPARTMENT OF HUMAN RESOURCES et al.
(408 SE2d 103)

SMITH, Presiding Justice.

We granted the appellant's discretionary application; however, the Department of Human Resources (DHR) contends that the application should not have been granted, the appeal should be dismissed, and this Court should overrule *Straus v. Straus*, 260 Ga. 327 (393 SE2d 248) (1990), the case that enticed the appellant to appeal an interlocutory order without following the interlocutory-application subsection. OCGA § 5-6-34 (b).

1. *Straus v. Straus*, supra, held that the discretionary application statute, OCGA § 5-6-35 (b), controls an interlocutory application in a domestic relations case. The DHR argues that the interlocutory-application subsection, OCGA § 5-6-34 (b), must be obeyed and cites Court of Appeals opinions that hold that the interlocutory-application statute should be followed when a party seeks to have an interlocutory order reviewed. *Rogers v. Dept. of Human Resources*, 195 Ga. App. 118 (392 SE2d 713) (1990) (cert. denied); *Neal v. State*, 182 Ga. App. 37 (354 SE2d 664) (1987); see *English v. Tucker Federal Sav. &c. Assn.*, 175 Ga. App. 69 (332 SE2d 365) (1985). See also Smith, Justice, Appeals in Domestic Relations Cases From the Court's Point of View, Spring 1987, Pub. No. 136, Georgia State University College of Law Center for Continuing Legal Education, at 4; and 27 Ga. State Bar Journal Vol. 27, No. 3, at 135, Let's Revise Appellate Procedure

in Georgia.

The interlocutory-application subsection, OCGA § 5-6-34 (b), granted trial courts the authority to certify for immediate appellate review, orders, decisions, or judgments that were not otherwise subject to direct appeal. When the General Assembly enacted the statute, it empowered trial courts to certify any order that it determined was of "such importance to the case that immediate review should be had. . . ." OCGA § 5-6-34 (b). This unfettered discretion has been designated "carte blanche authority." *Lee v. Smith*, 119 Ga. App. 808-809 (168 SE2d 880) (1969). Additionally, there are no "clearly delineated specifications or ascertainable . . ." standards for appellate review. Id. For these reasons this Court has held that it "will not review the discretion vested in the trial court in granting or refusing a certificate for immediate review of interlocutory rulings." *Houser v. State*, 234 Ga. 209, 212 (214 SE2d 893) (1975).

The discretionary-application statute, OCGA § 5-6-35, was enacted to ameliorate the appellate courts' massive case loads. *C & S Nat. Bank v. Rayle*, 246 Ga. 727, 729-730 (273 SE2d 139) (1980). The discretionary-application statute requires certain cases (domestic relations cases included) to come to the appellate courts by "application for appeal." OCGA § 5-6-35 (a) (2). This Court in *C & S*, supra at 730 stated:

> The clear intent of [OCGA § 5-6-35 (a) (2)] . . . was to give the appellate courts . . . the discretion not to entertain an appeal where the superior or juvenile court had made a decision as to divorce, alimony, child custody or contempt, the latter three of which are in large part discretionary and yet frequently appealed by the losing spouse.

Looking to the express language of the statutes, we find that the discretionary-application statute requires a party to state if the order or judgment is interlocutory, and if it is interlocutory, the party must state "the need for *interlocutory appellate review*." (Emphasis supplied.) OCGA § 5-6-35 (b). The interlocutory-application subsection, OCGA § 5-6-34 (b), sets forth the procedure for seeking "interlocutory appellate review." The discretionary-application statute "does not relieve appellant [who seeks review of an interlocutory order] of the requirement of a certificate from the trial judge." *Rogers*, supra, Ga. App. at 119.

Division 1 of the *Straus* decision does violence to the legislative intent by stripping control from the trial courts. The legislature did not intend for parties to regulate litigation. Allowing parties involved in divorce actions absolute authority to seek appellate review of interlocutory orders will produce unnecessary delays in the trial courts and

breed fragmented and piecemeal appeals. We expressly overrule Division 1 of *Straus* and hold that the discretionary-application statute, OCGA § 5-6-35, does not allow a party to ignore the interlocutory-application subsection, OCGA § 5-6-34 (b), when attempting to obtain appellate review.

Furthermore, the certificate of immediate review is not "surplusage." *Straus*, supra. The certificate is an essential component of a trial court's power to control litigation. Therefore, a party seeking appellate review from an interlocutory order must follow the interlocutory-application subsection, OCGA § 5-6-34 (b), seek a certificate of immediate review from the trial court, and comply with the time limitations therein.

2. The appellant argues that the trial court erred in denying his motion to dismiss and in holding that the DHR was authorized to bring an action on behalf of the appellant's two minor children to modify his support obligation to them. We find no error.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*

Hunt, Justice, concurring.

I agree with the majority that Division 1 of *Straus v. Straus*, 260 Ga. 327 (393 SE2d 248) (1990) should be overruled, and that a party seeking to appeal an interlocutory order not otherwise subject to direct appeal must follow the requirements of OCGA § 5-6-34 (b). Thus, that party must obtain a certificate of immediate review from the trial court, and file his application to the appropriate appellate court within ten days of the date of that certificate. The purpose of OCGA § 5-6-34 (b), as noted by the majority, is to give the trial court absolute discretion in deciding whether to allow a party to apply for an appeal from an interlocutory order.

Although it appears interlocutory appeals should be governed exclusively by OCGA § 5-6-34 (b), a conflict arises from the language of OCGA § 5-6-35 (b) of the discretionary application statute, which brings interlocutory appeals into the purview of that section as well. It states that where the order appealed from is interlocutory "the application shall set forth, in addition to the enumeration of errors to be urged, the need for interlocutory appellate review." The requirements of the discretionary application statute are more liberal than those of the interlocutory appeal statute, allowing appeals by application in specified cases without a certificate from the trial court, as well as a 30-day period in which to file the application.

In *Straus v. Straus*, supra, we were faced with the apparent conflicts between the requirements of the two sections — OCGA § 5-6-34 (b) (interlocutory appeals) and OCGA § 5-6-35 (discretionary appeals) — as applied to appeals from interlocutory orders in cases

specified in OCGA § 5-6-35 (a). We chose the route of liberality of appeals, excusing the applicant from the more stringent requirements of the interlocutory appeal statute, OCGA § 5-6-34 (b).

As noted by the majority, the problem with our approach and holding in *Straus v. Straus*, supra, is that it eviscerates the prerogative of the trial court to determine whether or not to permit an application for appeal from an interlocutory order. (Also, as noted by the majority, nowhere does the discretionary appeal statute excuse a party appealing an interlocutory order from the requirements of OCGA § 5-6-34 (b)). Because the holding in *Straus v. Straus* thus undermines the intent of OCGA § 5-6-34 (b), I agree to the reversal of that holding. I would also overrule *C & S Nat. Bank v. Rayle*, 246 Ga. 727 (273 SE2d 139) (1980) (relied on in *Straus v. Straus*) to the extent it is inconsistent with the majority's holding in this case.

However, I would apply the holding in this opinion prospectively, and because Scruggs justifiably relied on Division 1 of *Straus v. Straus*, which we now overrule, I would not dismiss Scruggs' appeal for failure to comply with OCGA § 5-6-34 (b).

DECIDED SEPTEMBER 6, 1991 —
RECONSIDERATION DENIED OCTOBER 3, 1991.

*Reinhardt, Whitley & Wilmot, Robert C. Wilmot*, for appellant.
*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General, Charles R. Reddick*, for appellees.