# Court of Appeals
# of the State of Georgia

ATLANTA,___March 11, 2013___

*The Court of Appeals hereby passes the following order:*

## A13D0238. JAMES WHITFIELD v. SECURE PARKING ENFORCEMENT LLC et al.

James Whitfield filed this application for a discretionary appeal from the superior court's order granting co-defendant City of Atlanta's motion to dismiss. We lack jurisdiction.

The application reflects that Whitfield filed a complaint against Secure Parking Enforcement LLC asserting claims arising out the alleged unlawful "booting" of his car, and he included the City as a party because he sought a declaration that a City ordinance was invalid. See OCGA § 9-4-7 (b). The City moved to dismiss the complaint for failure to state a claim. Without specifically passing on the alleged unconstitutionality of the City's ordinance, the trial court granted the City's motion to dismiss on January 16, 2013, and Whitfield filed this application seeking discretionary review of the trial court's order on February 11, 2013. The application does not show, however, that Whitfield's claims against co-defendant Secure Parking Enforcement have been dismissed.

> In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections are followed, the appeal is premature and must be dismissed.

*Johnson v. Hosp. Corp. of Am.*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (citations and punctuation omitted).

Because Whitfield's claims against Secure Parking Enforcement remain pending below, the order dismissing his claims against the City is not a final judgment, and Whitfield was required to follow the interlocutory procedures in OCGA § 5-6-34 (b) by obtaining a certificate of immediate review from the trial court. *Scruggs v. Dept. of Human Resources*, 261 Ga. 587, 588 (408 SE2d 103) (1991). Whitfield's failure to do so deprives this Court of jurisdiction to consider this application, which is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/11/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*