# Court of Appeals
# of the State of Georgia

ATLANTA,   September 09, 2015

*The Court of Appeals hereby passes the following order:*

## A15D0544.  SUSAN LANDRITH v. LINDA URIOSTE.

Susan Landrith has filed an "Application for Interlocutory/Discretionary Appeal," seeking review of the superior court's order appointing James Hopkins, Esq. as attorney and guardian ad litem of Landrith's mother, Claire A. Moore, in this guardianship proceeding.  The court's order indicated that a final hearing in the case had not yet occurred.  We lack jurisdiction.

Because the case remains pending in the superior court, the order Landrith seeks to appeal is a non-final order which did not resolve all issues in the case. Landrith accordingly was required to follow the procedures for interlocutory review as set forth in OCGA § 5-6-34 (b), by timely seeking a certificate of immediate review in the superior court.  See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991); *Gray v. Springs*, 224 Ga. App. 427, 427 (481 SE2d 3) (1997).

Landrith's claims that the superior court's order is subject to direct appeal under various subsections of OCGA § 5-6-34 (a) are meritless.  Contrary to Landrith's assertion, the superior court did not order that an accounting be had, but rather simply directed that another one of Moore's daughters must "provide whatever accounting Mr. Hopkins requests" as to her involvement in her mother's affairs.  See OCGA § 5-6-34 (a) (3).  Nor did the court grant injunctive relief when it ordered each of Moore's daughters to pay a portion of Moore's expenses, which is in the nature of a legal remedy.  See id. § 5-6-34 (a) (4).  Landrith's contention that direct appellate jurisdiction may be premised on OCGA § 5-6-34 (a) (12) likewise is meritless, as that statute concerns review of one's criminal history.

Consequently, Landrith's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 09/09/2015
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*