# Court of Appeals
# of the State of Georgia

ATLANTA,_____August 17, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A2218. PAUL ROWE v. NOVIN CONSTRUCTION, LLC.**

This case began as a dispossessory proceeding in magistrate court. Following an adverse ruling, Paul Rowe appealed to the superior court. On March 18, 2016, the superior court entered an order granting Novin Construction, LLC's motion for rent pending appeal and directing Rowe to pay monthly rent into the court registry "until the issue of possession of the [p]roperty is finally decided." Rowe has filed a direct appeal to this Court from that order.[1] We, however, lack jurisdiction for two reasons.

First, because the case remains pending in the superior court, the order Rowe seeks to appeal is a non-final order which did not resolve all issues in the case. He therefore was required to follow the procedures for interlocutory review as set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991); *Gray v. Springs*, 224 Ga. App. 427, 427 (481 SE2d 3) (1997).

Second, "appeals from decisions of the superior courts reviewing decisions of lower courts by certiorari or de novo proceedings shall be by application for discretionary appeal." *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003) (punctuation omitted); see also OCGA § 5-6-35 (a) (1). Where both discretionary and interlocutory application procedures apply, the applicant must

---

[1] In his notice of appeal, Rowe references the superior court's order entered on March 16, 2016. However, there is no superior court order dated March 16, 2016 in the record. The hearing on the motion for payment of rent pending appeal was held on March 16, 2016, which appears to explain Rowe's reference to that date.

follow the interlocutory appeal procedure and obtain a timely certificate of immediate review before filing an application.  See *Scruggs*, 261 Ga. at 588-589 (1).

Rowe's failure to follow the proper appellate procedures deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*_____08/17/2016_____
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*