# Court of Appeals
# of the State of Georgia

ATLANTA,  April 10, 2018

*The Court of Appeals hereby passes the following order:*

## A18D0364. IN RE RONALD WYTTENBACH et al.

Ronald Wyttenbach and Tiffany Wyttenbach filed a petition for the adoption of the legal children of Maria Anne Mackiewicz and Richard Mackiewicz. Rahman Thomas, who is the biological but non-legitimated father of the children, filed a motion to intervene in the adoption on December 4, 2017. The trial court entered an order terminating the Mackiewiczes's parental rights and denying Thomas's motion to intervene on February 8, 2018. On February 23, 2018, the trial court entered an order denying Thomas's motion for additional time to file a notice of appeal and denying his motion to review and access the adoption file. Thomas filed an application for discretionary review of these orders on March 12, 2018. We, however, lack jurisdiction.

Ordinarily, a party seeking to appeal an order terminating parental rights must file an application for discretionary appeal. See OCGA § 5-6-35 (a) (12). However, int his case, the adoption action remains pending in the trial court. See OCGA § 5-6-34 (a) (1) (providing for a direct appeal from a "final judgment[ ], that is to say, where the case is no longer pending in the court below"). Thus, Thomas was required to follow the interlocutory appeal procedure of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991); *Park v. Bailey*, 329 Ga. App. 569, 571 (765 SE2d 721) (2014); *Gray v. Springs*, 224 Ga. App. 427, 427 (481 SE2d 3) (1997). Because he did not do so, we lack jurisdiction to consider this

application, which is hereby DISMISSED.[1]

The Wyttenbachs's motion to dismiss is DENIED as MOOT, and their motion for sanctions is DENIED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _04/10/2018_
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] But see *Rokowski v. Gilbert*, 275 Ga. App. 305, 305 (1) (620 SE2d 509) (2005) (explaining that a timely filed notice of appeal from a final judgment and decree of adoption gave appellate court jurisdiction to consider previous orders entered in case, including an order terminating parental rights).