# Court of Appeals
# of the State of Georgia

ATLANTA,  February 05, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0287.  ALFONZA MCKEEVER v. THE STATE.**

The trial court ordered Alfonza McKeever, who is proceeding pro se, to cooperate with an evaluation by the Department of Behavioral Health and Developmental Disabilities ("DBHDD"), and also found him competent to stand trial on criminal charges. McKeever then filed a notice of a neuropsychological evaluation of himself. The trial court ruled that, to the degree that the notice of the neuropsychological evaluation was intended to indicate McKeever's competence or criminal responsibility, it was excluded because McKeever had not complied with its prior order to cooperate with DBHDD. McKeever also filed a "request for extension of time to file, plaintiff delay of documents and [transcripts,] audio recording, grant deposition from all co-defenders and accusers," which the trial court denied, noting that the trial was set for January 14, 2019. McKeever thereafter filed this application for discretionary review. Although McKeever's application and supplemental application are somewhat unclear, it appears that he is challenging the trial court's denial of his request for an extension of time and the exclusion of his notice of the evaluation.[1] We, however, lack jurisdiction.

It is clear from the trial court's orders that the case remains pending below. Therefore, the orders that McKeever wishes to appeal are interlocutory in nature, and

---

[1] Indeed, these orders are the only recent trial court orders in the application materials. See Court of Appeals Rule 31 (c) (providing that discretionary applications must contain a copy of the trial court's order or judgment from which the appeal is sought).

he was required to follow the interlocutory application procedure set forth in OCGA § 5-6-34 (b), which includes obtaining a certificate of immediate review from the trial court. *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). McKeever's failure to comply with the interlocutory review procedure deprives us of jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __02/05/2019__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*