# Court of Appeals
# of the State of Georgia

ATLANTA, July 31, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0548.  SHARON ENTEEN PRUSSO a/k/a SHARON ENTEEN et al. v. KELLY SIMS.**

After the trial court awarded attorney fees to the plaintiff and against one unidentified defendant in this action for breach of contract and related claims, the defendants and two non-parties filed this application for discretionary review.  As the applicants acknowledge in their application, however, this action remains pending before the trial court.  The order the applicants seek to appeal thus is a non-final order that did not resolve all issues in this action.  As a result, and pretermitting whether all applicants have standing to appeal the fee award, they were required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) to seek to do so.  See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991).  To the extent that both discretionary and interlocutory appeal procedures may apply, an applicant must follow the interlocutory appeal procedures and obtain a timely certificate of immediate review from the trial court before filing an application.  See *Scruggs*, 261 Ga. at 588-589 (1); see also OCGA § 5-6-35 (a) (10) (an appeal from an OCGA § 9-15-14 attorney fee award must be initiated by filing an application for discretionary review).  The applicants' failure to follow the interlocutory appeal

procedures deprives us of jurisdiction over this application, which is hereby DISMISSED. See *Bailey*, 266 Ga. at 833.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, __07/31/2019__*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*