# Court of Appeals
# of the State of Georgia

ATLANTA,  February 27, 2020

*The Court of Appeals hereby passes the following order:*

**A20D0292.  H. GUY JONES v. GEORGIA DEPARTMENT OF HUMAN RESOURCES et al.**

In 2015, the Georgia Department of Human Resources filed a motion for contempt against H. Guy Jones for nonpayment of child support. Although the current status of the case is not clear from the application materials, it appears that the case is still pending in the trial court. In 2019, Jones filed pro se motions to proceed *in forma pauperis* and to recuse the trial court judge. In October 2019, the trial court entered an order denying both motions. Thirty days later, Jones filed a "Motion for Leave to File Interlocutory Appeal Out of Time." The trial court denied that motion in January 2020, and Jones then filed this application seeking discretionary review of the trial court's rulings on his *in forma pauperis* and recusal motions. We lack jurisdiction.

Because the trial court's October 2019 and January 2020 orders both appear to be interlocutory rulings, Jones was required to comply with the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b) to obtain appellate review at this juncture. See *Duke v. State*, 306 Ga. 171, 172 (1) (829 SE2d 348) (2019); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 589 (1) (408 SE2d 103) (1991). Pursuant to OCGA § 5-6-34 (b), an applicant for interlocutory appeal must obtain a certificate of immediate review from the trial court within ten days of entry of the order to be appealed and file an application for interlocutory appeal in this Court within ten days of entry of the certificate. Jones did not follow this procedure with respect to either order.

To the extent that Jones's "Motion for Leave to File Interlocutory Appeal Out

of Time" can be construed as a request for a certificate of immediate review, the trial court's January 2020 order denying the motion is not subject to appellate review. See *Scruggs*, 261 Ga. at 588 (1) (appellate court "will not review the discretion vested in the trial court in granting or refusing a certificate for immediate review of interlocutory rulings") (punctuation omitted). Further, although this Court may allow the filing of an out-of-time discretionary application under certain circumstances, see *Gable v. State*, 250 Ga. 81 (720 SE2d 170) (2011), there is no provision for the filing of an out-of-time interlocutory application.

Because Jones failed to comply with the interlocutory appeal procedure, we lack jurisdiction to consider this matter, which is hereby DISMISSED. See *Duke*, 306 Ga. at 186 (4).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  02/27/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*