# Court of Appeals

# of the State of Georgia

ATLANTA,  July 27, 2020

*The Court of Appeals hereby passes the following order:*

**A20D0422. WILLIAM G. MITCHELL v. THE STATE.**

In August 2012, William G. Mitchell pled guilty to one count of theft by taking, for which he received a ten-year probated sentence. In November 2019, the trial court revoked part of Mitchell's probation and required him to serve 160 to 180 days in the Probation Detention Center followed by substance abuse treatment. The State subsequently filed another petition for probation revocation on February 3, 2020, and Mitchell was scheduled to appear for a hearing on March 19, 2020. Mitchell filed a motion for continuance and a motion to recuse the trial judge. On March 30, 2020, the trial court denied the motion for continuance and dismissed the motion to recuse, and, on May 11, 2020, Mitchell filed an appeal challenging these orders in the Georgia Supreme Court, which docketed the appeal as an application for discretionary appeal.[1] After finding no basis for exercising its jurisdiction, the Supreme Court transferred the application to this Court. See Case No. S20D1248 (transferred June 8, 2020). We, however, also lack jurisdiction.

Because it appears that no final judgment has been entered in the probation revocation proceeding and the case remains pending below, the orders Mitchell seeks to appeal are interlocutory. Although Mitchell filed an application for discretionary

---

[1] Mitchell has filed two more applications for discretionary appeal seeking to challenge other orders issued in his probation revocation proceeding. See Case Nos. A20D0420 and A20D0421.

appeal, as described in OCGA § 5-6-35,[2] compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Mitchell's failure to follow the interlocutory appeal procedures deprives this Court of jurisdiction over his application, which is hereby DISMISSED. Mitchell's pro se motions for appointment of counsel and to amend his appeal are hereby DENIED as moot.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__07/27/2020_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] OCGA § 5-6-35 (a) (5) provides that "orders *revoking* probation" are subject to the discretionary appeal procedure. (Emphasis supplied.)