# Court of Appeals
# of the State of Georgia

ATLANTA,  September 23, 2020

*The Court of Appeals hereby passes the following order:*

**A21D0054. IN RE LYNN W. MARTIN.**

In August 2020, the trial court entered an award of attorney fees under OCGA § 9-15-14 (a) in favor of Alan Heckman, Jr. and against Lynn W. Martin to be paid into the trial court's registry within 20 days of the entry of the order. In September 2020, Heckman filed a motion for contempt due to Martin's failure to pay the fees into the trial court's registry in accordance with the trial court's order. The following day, Martin filed this discretionary application from the award of attorney fees. Martin has also filed an emergency motion, asking this Court to stay the enforcement of the award of attorney fees.[1] We lack jurisdiction.

As Martin acknowledges in the application, this action remains pending before the trial court. The order Martin seeks to appeal thus is a non-final order that did not resolve all issues in this action. As a result, she was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) to seek to do so. See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). To the extent that both discretionary and interlocutory appeal procedures may apply, an applicant must follow the interlocutory appeal procedures and obtain a timely certificate of immediate review from the trial court before filing an application. See *Scruggs*, 261 Ga. at 588-589 (1); see also OCGA § 5-6-35 (a) (10) (an appeal from an OCGA § 9-15-14 attorney fee award must be initiated by filing an application for discretionary

---

[1] There is an almost identical case involving Martin and these same issues in Case No. A21D0053.

review). Martin's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this application, which is hereby DISMISSED. See *Bailey*, 266 Ga. at 833. Additionally, Martin's emergency motion is DISMISSED as MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  09/23/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*