# Court of Appeals
# of the State of Georgia

ATLANTA,  November 24, 2020

*The Court of Appeals hereby passes the following order:*

## A21A0570. JASMINE LEIGH DOURESSEAUX v. AARON CHRISTIAN THOMAS.

Pro se defendant Jasmine Douresseaux filed this direct appeal from the trial court's order scheduling a status hearing in this domestic relations proceeding. We lack jurisdiction for two reasons.

First, "[a]ppeals from judgments or orders in divorce, alimony, and other domestic relations cases" must be initiated by filing an application for discretionary review.[1] OCGA § 5-6-35 (a) (2), (b). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Douresseaux's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal.

Second, by its very terms, the order that Douresseaux seeks to appeal is not final. She therefore also was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Where, as here, both discretionary and interlocutory appeal procedures apply, an applicant must follow the interlocutory appeal

---

[1] Under OCGA § 5-6-34 (a) (11), a direct appeal will lie from "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders." Here, the trial court's order scheduling a status hearing did not award, refuse to change, or modify child custody; it likewise did not hold or decline to hold a person in contempt of a child custody ruling.

procedures and obtain a timely certificate of immediate review from the trial court before filing an application. See *Scruggs*, 261 Ga. at 588-589 (1). Douresseaux's failure to do so independently deprives us of jurisdiction over this appeal. See *Bailey*, 266 Ga. at 833.

For each of the above reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,   11/24/2020         *
       *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ , *Clerk.*