# Court of Appeals
# of the State of Georgia

ATLANTA,  February 08, 2021

*The Court of Appeals hereby passes the following order:*

### A21D0187. GREG HOLLAND et al. v. GUARANTY SOLUTIONS RECOVERY FUND I, L.P. et al.

In this garnishment action, the trial court entered an order requiring the Defendant Greg Holland and Third Party Teri Holland to appear for depositions. In that same order, the trial court denied Defendant Greg Holland's claim and Third Party Teri Holland's traverse "at present," and stayed the garnishment action pending the outcome of motions in the underlying judgment case. The Hollands then filed this application for discretionary appeal. We, however, lack jurisdiction.

Generally, a party must follow the discretionary appeal procedure to appeal an order in a garnishment case. See OCGA § 5-6-35 (a) (4). However, this case is still pending below. Because the order that the Hollands wish to appeal is not a final judgment, they were required to comply with the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b). See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Although the Hollands did file a discretionary application pursuant to OCGA § 5-6-35, which governs discretionary appeal procedures, that does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review. See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996).

The Hollands' failure to comply with the interlocutory appeal procedure deprives us of jurisdiction to consider this discretionary application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*   *02/08/2021*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*