# Court of Appeals
# of the State of Georgia

ATLANTA,  March 03, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1039. MARK C. BLOOMFIELD v. SUSAN BLOOMFIELD.**

Plaintiff Susan Bloomfield and defendant Mark Bloomfield ("Husband") were divorced in 2006. In December 2020, the trial court issued: (i) an order finding Husband in contempt of various provisions in the parties' divorce decree; and (ii) an order regarding the sale of certain real property contemplated by the divorce decree. Husband then filed this pro se direct appeal, seeking review of the December 2020 orders. We lack jurisdiction.

"Appeals from judgments or orders in divorce, alimony, and other domestic relations cases" must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (2), (b). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because this is a domestic relations case, Husband was required to comply with the discretionary appeal procedure to obtain review of the December

2020 orders.[1] His failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta, 03/03/2021*
 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] Given our ruling in this regard, we express no opinion on whether the December 2020 orders were non-final, in which case compliance with the interlocutory appeal procedures also would be required to seek appellate review. See OCGA § 5-6-34 (a), (b); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991).