# Court of Appeals
# of the State of Georgia

ATLANTA,  September 02, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0202. ANNA SINCLAIR-JAMISON v. DEMETRISE PINKERTON.**

Anna Sinclair-Jamison and Demetrise Pinkerton are the parents of minor child J. S.-P. In a prior action, the trial court awarded custody of J. S.-P. to Sinclair-Jamison and granted visitation to Pinkerton. Pinkerton filed this petition seeking to hold Sinclair-Jamison in contempt for willfully interfering with his visitation. The trial court entered a final order denying Pinkerton's petition, and he filed a "Motion to Set Aside, for Reconsideration, and/or Clarification" of that order. The trial court granted Pinkerton's motion without explanation, set aside its prior order, and scheduled a hearing. Sinclair-Jamison appeals, claiming that this Court has jurisdiction under OCGA § 5-6-34 (a) (11).

A party seeking review of an order entered in a domestic relations case generally must file an application for discretionary appeal. See OCGA § 5-6-35 (a) (2). When the case remains pending in the trial court, the party generally must satisfy the additional requirements for an interlocutory application, including obtaining a certificate of immediate review from the trial court and complying with the time limitations of OCGA § 5-6-34 (b).

Under OCGA § 5-6-34 (a) (11), however, a direct appeal is permitted from "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgments or orders." It is well established that visitation privileges are part of custody, see *Moore v. Moore-McKinney*, 297 Ga. App. 703, 705 (1) (678 SE2d 152) (2009), and that interlocutory custody orders may be appealed directly. See *Lacy v. Lacy*, 320 Ga. App. 739, 742 (3) (740 SE2d 695) (2013). Nevertheless, the order

on appeal here does not fall within the scope of OCGA § 5-6-34 (a) (11) because it is not a custody order. It does not award, refuse to change, or modify custody; nor does it hold or decline to hold a person in contempt of such an order. It simply vacates a prior order declining to hold a person in contempt, and it schedules further proceedings.

Because the interlocutory domestic relations order that Sinclair-Jamison wishes to appeal does not come within the ambit of OCGA § 5-6-34 (a) (11), she was required to file an interlocutory application to obtain appellate review at this juncture. Her failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 589 (1) (408 SE2d 103) (1991).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   09/02/2021*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ , *Clerk.*