# Court of Appeals
# of the State of Georgia

ATLANTA,  January 09, 2024

*The Court of Appeals hereby passes the following order:*

**A24I0101. JUSTIN ALAN JONES v. THE STATE.**

A Carroll County grand jury indicted Justin Jones for kidnapping and several other crimes. On August 30, 2023, the trial court entered an order in which, among other things, the court denied Jones's motion to dismiss for alleged speedy trial violations, denied Jones's request to represent himself, appointed the Carroll County Public Defender's Office to represent him, and concluded that Jones was not entitled to hybrid representation in this case. See *Johnson v. State*, 315 Ga. 876, 890-891 (4) (885 SE2d 725) (2023). On October 19, 2023, Jones filed, in the Supreme Court of Georgia, a pro se "Inmate Form for Civil Actions Filed in the Supreme Court of Georgia," seeking to challenge the denial of his motion to dismiss for alleged speedy trial violations. The Supreme Court construed the filing as an application for interlocutory appeal and transferred it to this Court. We lack jurisdiction.

By statute, a party seeking appellate review by way of an application for interlocutory appeal must obtain a certificate of immediate review from the trial court within ten days of entry of the order sought to be appealed. OCGA § 5-6-34 (b); see *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 589 (1) (408 SE2d 103) (1991) ("[A] party seeking appellate review from an interlocutory order must follow the interlocutory-application subsection, OCGA § 5-6-34 (b), seek a certificate of immediate review from the trial court, and comply with the time limitations therein."). Absent a certificate of immediate review, we lack jurisdiction over this application for interlocutory appeal. See *Scruggs*, 261 Ga. at 589 (1).

To the extent that Jones's filing may be construed as seeking discretionary review under OCGA § 5-6-35 (b), it was untimely filed 50 days after entry of the order he seeks to appeal. See OCGA § 5-6-35 (d) (an application for discretionary review must be filed within 30 days of entry of the judgment or trial court order sought to be appealed); *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989) (the requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith).

For the above reasons, this application is hereby DISMISSED for lack of jurisdiction.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   01/09/2024*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*
_____ , *Clerk.*

---

[1] Given Jones's failure to comply with the interlocutory or discretionary appeal requirements, we express no opinion on whether the pro se filing at issue here is otherwise ineffective in light of the trial court's ruling that he is not entitled to hybrid representation in this case. See *Johnson*, 315 Ga. at 890-891 (4).