# Court of Appeals
# of the State of Georgia

ATLANTA,  January 26, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0204. JARVIS GREEN v. FS 360, LLC.**

Jarvis Green, a defendant in the case below, has applied for discretionary review of the default judgment that was entered against him. The trial court's order reveals, however, that the plaintiff's claims against the other defendant remain pending. Consequently, we lack jurisdiction to consider this application.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. Where neither code section is followed, the appeal is premature and must be dismissed. Id.

Here, although the trial court entered judgment in favor of the plaintiff on claims the plaintiff raised against Green, the plaintiff's claims against defendant Ryjohn Steel, LLC, remain pending. Consequently, Green was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to seek appellate review of this order. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Green's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over

this application, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); see also generally *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588 (1) (408 SE2d 103) (1991) (compliance with the discretionary application statute does not relieve an appellant seeking review of an interlocutory order of the requirement of obtaining a certificate of immediate review from the trial court).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 01/26/2024

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ , *Clerk.*