# Court of Appeals
# of the State of Georgia

ATLANTA,  July 22, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0411. RAISSA KENGNE v. THE STATE.**

Raissa Kengne is facing criminal prosecution, and she has filed numerous pro se motions in the trial court. On June 17, 2024, the trial court determined that Kengne, who is represented by counsel below, is not authorized to file pro se motions, and it dismissed her filings. Kengne then filed this pro se application in which she seeks to appeal the June 17 order under OCGA § 5-6-34 (b). We, however, lack jurisdiction.

Based upon the material submitted by Kengne, it appears that the charges against her remain pending in the trial court. Because the order she seeks to appeal is not final, she was required to comply with the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) in order to appeal. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 589 (1) (408 SE2d 103) (1991) ("[A] party seeking appellate review from an interlocutory order must follow the interlocutory-application subsection, OCGA § 5-6-34 (b), seek a certificate of immediate review from the trial court, and comply with the time limitations therein."). Given Kengne's failure to obtain a certificate of immediate review, we lack jurisdiction over this application for interlocutory appeal. See *Scruggs*, 261 Ga. at 589 (1).

Furthermore, we find that Kengne is not authorized to represent herself before this Court. In *Johnson v. State*, the Supreme Court recognized that a litigant does not have a right to represent herself while simultaneously being represented by counsel. *Johnson v. State*, 315 Ga. 876, 880 (2) (a) (885 SE2d 725) (2023). The Supreme Court concluded, however, that a trial court has discretion to allow hybrid representation. See id. at 890-891 (4). The Supreme Court suggested that it would be up to an

appellate court to determine whether it would recognize pro se filings by a counseled defendant directed to the appellate court. Id. at 891 n. 15 ("Although many such decisions will be made by trial courts, the decision whether to recognize a pro se notice of appeal remains one for appellate courts to make."). Having reviewed the material submitted by Kengne, we find that this is not one of the rare cases in which hybrid representation is warranted. See id. at 890 (4) ("We expect that courts will exercise discretion to recognize pro se filings by counseled defendants sparingly.").

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 07/22/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*