# Court of Appeals
# of the State of Georgia

ATLANTA,  October 24, 2024

*The Court of Appeals hereby passes the following order:*

## A25A0480. TAMAH JADA CLARK v. KEVIN R. WILLIAMS et al.

Tamah Jada Clark filed a pro se complaint alleging that numerous public officials had violated her constitutional rights and committed various torts in connection with dispossessory proceedings. Clark moved for default judgment, and the trial court denied the motion on April 16, 2024. Clark moved for reconsideration of the trial court's ruling, and that motion was denied on April 23, 2024. Clark filed a notice of appeal from both orders on April 24, 2024.[1]

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Here, the trial court's order denying Clark's motion for default judgment was a non-final order that did not resolve all issues in this case. Accordingly, in order to appeal this ruling, Clark was required to follow the interlocutory appeal procedures, which include obtaining a certificate of immediate review from the trial court. See OCGA § 5-6-34 (b); *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991).

---

[1] Clark directed her appeal to the Supreme Court, which transferred the matter to this Court. Case No. S24A1202, Sept. 9, 2024.

Clark's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See Bailey, 266 Ga. at 833.



*Court of Appeals of the State of Georgia*
*C l e r k ' s    O f f i c e ,*
*Atlanta,* 10/24/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*