# Court of Appeals
# of the State of Georgia

ATLANTA, <u>December 02, 2024</u>

*The Court of Appeals hereby passes the following order:*

## A25D0138. JACQUELINE MAZE v. CITY OF ALBANY.

In this civil case, plaintiff Jacqueline Maze filed a petition for review in state court, seeking to appeal what appears to have been an adverse ruling in magistrate court. On March 5, 2024, the state court issued a notice scheduling a hearing on the petition. On November 1, 2024, Maze filed this application for discretionary review, seeking to appeal the March 5 notice. We lack jurisdiction for two reasons.

First, because the March 5 notice was not a final judgment that disposed of all issues in this case, Maze was required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the state court — to appeal the March 5 notice. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Although appeals in cases that involve state court review of magistrate court judgments generally must be initiated by filing an application for discretionary review, see OCGA § 5-6-35 (a) (11), (b), where, as here, both discretionary and interlocutory appeal procedures apply, an applicant must follow the interlocutory appeal procedures and obtain a timely certificate of immediate review from the trial court before filing an application. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991); see also OCGA § 5-6-34 (b). Maze's failure to comply with the interlocutory appeal requirements deprives us of jurisdiction over this discretionary application. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

Second, even if this application were not subject to the interlocutory appeal requirements, it is untimely. An application for discretionary review must be filed

within 30 days of entry of the order or judgment sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Maze's application is untimely, as she filed it more than seven months after entry of the notice she seeks to appeal.[1]

For the above reasons, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__12/02/2024_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] In her application, Maze briefly asserts, without elaboration, that she "[a]lso" seeks to appeal an unidentified "judgement." But there is nothing for us to review in this regard, because Maze has not included any lower court judgment with her application materials. See Court of Appeals Rule 31 (c) ("Discretionary applications must contain a stamped 'filed' copy of the trial court's order or judgment from which the appeal is sought. . . .").