# Court of Appeals
# of the State of Georgia

ATLANTA, December 12, 2024

*The Court of Appeals hereby passes the following order:*

## A25D0146. CHRISTOPHER MCNAIR et al. v. W. FLETCHER SAMS et al.

Although it is difficult to discern from the application materials, it appears that Christopher McNair and two other plaintiffs sued W. Fletcher Sams and three other defendant public officials, seeking their arrest and removal from office. Defendant Sams fell into default. He filed a motion to open default, and McNair filed a motion for default judgment. The trial court granted Sams's motion and denied McNair's. McNair, and possibly the other plaintiffs, also filed motions to strike, to set aside, for summary judgment, and to recuse the trial court judge. The trial court entered three separate orders staying these motions, and the action as a whole, pending the appointment of another judge to hear the motion to recuse. McNair and the other plaintiffs sought discretionary review of the trial court's rulings in the Supreme Court of Georgia, which transferred the application here. See Case No. S25D0307 (Nov. 7, 2024). We, however, lack jurisdiction.

Pretermitting whether the rulings at issue here ordinarily would fall under the discretionary appeal statute, OCGA § 5-6-35, this case remains pending below. No final ruling has been entered; indeed, the litigation is currently stayed pending resolution of the motion to recuse. Accordingly, McNair and the other plaintiffs were required to follow the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b) — including timely obtaining a certificate of immediate review from the trial judge — to obtain appellate review at this interim juncture. See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996) (a party seeking appellate review of an interlocutory order that also implicates the discretionary application statute must comply with the

interlocutory application statute); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588 (1) (408 SE2d 103) (1991) (compliance with the discretionary application statute does not relieve an applicant seeking review of an interlocutory order of the requirement of obtaining a certificate of immediate review from the trial court).

Because McNair and the other plaintiffs failed to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), we lack jurisdiction over this discretionary application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__12/12/2024_____*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*