# Court of Appeals
# of the State of Georgia

ATLANTA,  December 19, 2024

*The Court of Appeals hereby passes the following order:*

**A25D0142. SAADIQ A. YARBROUGH v. ANDREA D. WARE.**

In this domestic relations case, Saadiq A. Yarbrough filed a direct appeal from two October 2024 trial court orders denying motions to serve his ex-wife, Andrea D. Ware, by alternate means.[1] We dismissed the direct appeal on November 20, 2024. See Case No. A25A0720. The same day, Yarbrough filed this application for discretionary review from the same orders. Once again, we lack jurisdiction.

In our dismissal order, we advised Yarbrough that direct appeals generally may be taken from final orders when the case is no longer pending below. Because there was nothing in the record indicating that the case had been dismissed, we questioned whether the case was final. In the instant application, Yarbrough has not included any subsequent order from the trial court showing that the case has been dismissed. Because the case remains pending in the trial court, Yarbrough was required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Although appeals in divorce cases generally must be initiated by filing an application for discretionary review, see OCGA § 5-6-35 (a) (2), (b), where, as here, both discretionary and interlocutory appeal procedures apply, an applicant must follow the interlocutory appeal procedures and obtain a

---

[1] These orders consisted of an October 4 order denying Yarbrough's request to serve a petition to set aside the divorce decree and to hold Ware in contempt by publication and an October 23 order denying his request to serve process of the same petition by email.

timely certificate of immediate review from the trial court before filing an application. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991); see also OCGA § 5-6-34 (b). Yarbrough's failure to comply with the interlocutory appeal requirements deprives us of jurisdiction over this discretionary application. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

Consequently, this application for discretionary appeal is hereby DISMISSED.[2]



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*   12/19/2024

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] Additionally, we note that Yarbrough has not included a time stamped "filed" copy of the October 4, 2024 order with his application materials. See Court of Appeals Rule 31 (c) ("Discretionary applications must contain a stamped 'filed' copy of the trial court's order or judgment from which the appeal is sought.").