# Court of Appeals
# of the State of Georgia

ATLANTA, January 08, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0180. GIRISH MODI v. INDIA AMERICAN CULTURAL ASSOCIATION.

Girish Modi, proceeding pro se, filed a complaint against the India American Cultural Association, Inc. ("IACA"). On July 27, 2022, the trial court entered an order dismissing Modi's complaint for failure to state a claim, granting summary judgment to IACA, and awarding attorney fees to IACA under OCGA § 9-15-14 in the amount of $65,000. Modi appealed, and this Court affirmed the dismissal of his complaint and the grant of summary judgment, but remanded the portion of the appeal involving the award of attorney fees to the trial court to enter a stay pending the resolution of Modi's bankruptcy proceedings. See *Modi v. India-Am. Cultural Assn., Inc.*, 367 Ga. App. 572 (886 SE2d 378) (2023). After the bankruptcy stay was lifted, Modi again appealed, and this Court vacated the trial court's award of attorney fees and remanded the case for further factfinding. See *Modi v. India-Am. Cultural Assn.*, 370 Ga. App. 458 (897 SE2d 86) (2024) ("*Modi II*").

Upon remittitur of the case to the trial court, Modi filed several motions including: (1) a written objection to the hearing on attorney fees set for January 7, 2025; (2) a motion to set aside or vacate the July 27, 2022 judgment; (3) a motion to include the transcript of a hearing held on July 19, 2022, in the record; (4) a motion to sanction IACA's counsel; and (5) a writ of mandamus to compel the trial court to grant his motions. On December 19, 2024, the trial court entered an order denying all of Modi's motions, and he filed this discretionary application. We lack jurisdiction.

In *Modi II*, we remanded the case to the trial court for further factfinding on

attorney fees and entry of an order consistent with our opinion. *Modi II*, 370 Ga. App. at 467 (3) (e). As the trial court has not yet entered its ruling on attorney fees, the matter is still pending in the trial court. For this reason—and pretermitting whether our previous decisions render any of his current claims barred by the law of the case doctrine[1]—Modi was required to comply with the interlocutory appeal procedures to appeal the December 19, 2024 order, including obtaining a certificate of immediate review. See OCGA § 5-6-34 (b); *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996) ("The discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b)."); accord *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991).

Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*__01/08/2025_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] See OCGA § 9-11-60 (h) ("[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."); *Hall v. Hill*, 366 Ga. App. 285, 291 (1) (b) (882 SE2d 34) (2022) ("Under the law of the case doctrine, any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court.") (punctuation omitted).