# Court of Appeals
# of the State of Georgia

ATLANTA, January 23, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0183. NIRVANA MINTER v. CITY OF ATLANTA.**

Nirvana Minter was charged with violating a municipal ordinance. At the prosecution's request, the municipal court bound the case over to state court. Minter filed a petition for review of that decision to the superior court, and the superior court affirmed. Minter then filed an application for discretionary review in this Court. We lack jurisdiction.

Because the charges against Minter remain pending below, the order that she seeks to appeal is interlocutory. *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Accordingly, she was required to follow the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – in order to appeal. See OCGA § 5-6-34 (b); *Boyd*, 191 Ga. App. at 435.

Although Minter filed an application for discretionary appeal, as described in OCGA § 5-6-35, compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); see also *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 589 (1) (408 SE2d 103) (1991) (discretionary application statute does not relieve applicant who seeks to appeal interlocutory order from complying with interlocutory review requirements).

Minter's failure to comply with the interlocutory appeal procedure deprives us of jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   01/23/2025*

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*