# Court of Appeals
# of the State of Georgia

ATLANTA, November 17, 2025

*The Court of Appeals hereby passes the following order:*

## A26D0151. SHERIFF PATRICK LABAT v. TALITRIX, LLC.

Talitrix, LLC sued Patrick Labat, in his official capacity as sheriff of Fulton County, for breach of a contract to provide electronic monitoring services at a county jail. Labat filed an answer and counterclaim, alleging that Talitrix, in fact, had breached the contract. Discovery did not proceed smoothly. Labat filed a motion to dismiss the complaint or in the alternative to compel, arguing that Talitrix's discovery responses were inadequate. Talitrix filed a motion for sanctions, asking the court to strike Labat's answer and counterclaim and to award Talitrix the attorney fees it had incurred in bringing the motion and in responding to Labat's extensive discovery requests. The trial court denied Labat's motion to dismiss or compel, struck Labat's counterclaim, and ruled that Talitrix was entitled to attorney fees, with the amount to be determined at a later date. Following a hearing, the court entered an order awarding Talitrix $140,866.36 in attorney fees under OCGA § 9-15-14. Labat seeks discretionary review of the fee award, but we lack jurisdiction.

Generally, an application for discretionary appeal is required for appellate review of an award of attorney fees or litigation expenses under OCGA § 9-15-14. See OCGA § 5-6-35(a)(10), (b). But where, as here, the action remains pending below and the fee award is a non-final order that does not resolve all issues in the action, a party is required to follow the interlocutory appeal procedure set forth in OCGA § 5-6-34(b) to challenge a fee award. See *Bailey v. Bailey*, 266 Ga. 832, 832–33 (471 SE2d 213) (1996) (a party seeking appellate review of an interlocutory order that also implicates the discretionary application statute must comply with the interlocutory application

statute); see also *Eidson v. Croutch*, 337 Ga. App. 542, 543–45 (788 SE2d 129) (2016) (where an attorney fee order is issued before final judgment, a party seeking appellate review must follow the interlocutory appeal requirements). Thus, "the discretionary application statute, OCGA § 5-6-35, does not allow a party to ignore the interlocutory-application subsection, OCGA § 5-6-34(b), when attempting to obtain appellate review"; rather, "a party seeking appellate review from an interlocutory order must follow the interlocutory-application subsection, OCGA § 5-6-34(b), seek a certificate of immediate review from the trial court, and comply with the time limitations therein." *Scruggs v. Ga. Dep't of Human Res.*, 261 Ga. 587, 589(1) (408 SE2d 103) (1991).

Labat apparently asked the trial court for a certificate of immediate review, but the court did not issue one. Nevertheless, Labat claims that no certificate was required here and that his compliance with the discretionary appeals procedure is sufficient to confer jurisdiction on this Court under OCGA § 5-6-35(a)(10). Labat acknowledges that the Supreme Court of Georgia held otherwise in *Scruggs*, 261 Ga. at 589(1), and its progeny, but he contends that *Scruggs* was wrongly decided, and he invites us to ignore it. However, "our Court is not free to disapprove or ignore Supreme Court precedent." *Pass v. Athens Housing Auth.*, 368 Ga. App. 445, 449 (890 SE2d 342) (2023). See also Ga. Const. of 1983, Art. VI, § VI, ¶ VI ("The decisions of the Supreme Court [of Georgia] shall bind all other courts as precedents.").

Labat's failure to comply with the interlocutory appeals procedure deprives us of jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___11/17/2025_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*