# Court of Appeals
# of the State of Georgia

ATLANTA, February 03, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0295. TRACIE MCCUNE v. ASHTON MITCHELL JOHNSON.

This case was initiated when Ashton Mitchell Johnson filed a petition seeking to adopt his minor stepchild. See OCGA § 19-8-6. The child's biological and putative father, Trace McCune, objected and moved to dismiss the petition. The trial court entered an order dismissing McCune's motion and terminating his parental rights.[1] McCune filed a motion for new trial from the termination order, which the trial court denied. McCune has filed the instant discretionary application from the orders terminating his parental rights and denying his motion for new trial.[2] We lack jurisdiction.

Ordinarily, a party seeking to appeal an order terminating parental rights must file an application for discretionary appeal. See OCGA § 5-6-35(a)(12). But this is not a termination of parental rights case; it is an adoption case. It appears that no final order has been entered on the adoption petition. See OCGA § 5-6-34(a)(1)(B) (providing for a direct appeal from a "final judgment[ ], that is to say, where the case is no longer pending in the court below"). Because the adoption case remains pending

---

[1] See OCGA § 19-8-12(f) (providing for the termination of a biological father's parental rights pursuant to an adoption petition).

[2] Given the basis of our resolution of this case, we need not address the issue of whether McCune's application was timely to the termination of his parental rights and we make no determination as to whether McCune's motion for new trial in this context was appropriate.

below, McCune was required to follow the interlocutory appeal procedure of OCGA § 5-6-34(b) in order to appeal. See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dep't of Human Res.*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991); *Park v. Bailey*, 329 Ga. App. 569, 571 (765 SE2d 721) (2014); *Gray v. Springs*, 224 Ga. App. 427, 427 (481 SE2d 3) (1997). Because he has not done so, we lack jurisdiction to consider this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*__02/03/2026_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*