A95A0471. THOMAS v. DOUGLAS COUNTY et al.
(457 SE2d 835)

ANDREWS, Judge.

We granted L. W. Thomas' petition for discretionary review to review the superior court's order dismissing his petition for a writ of certiorari from an order of the Douglas County magistrate court.

On March 9, 1992, an accusation was filed against Thomas charging him with 730 violations of Douglas County's littering ordinance, one for each day he allowed litter to remain on his property over a two-year period. In an April 17, 1992 order, the magistrate court found Thomas in violation of the ordinance. The court found that Thomas had admitted to the charges contained in the accusation and imposed a $50 fine per count, for a total of $36,000, plus surcharge, costs and attorney fees.

Nevertheless, the court gave Thomas six months to bring his

---

property into compliance with the ordinance and set a compliance hearing for October 15, 1992. The order provided that if full compliance was achieved by October 15, half of the amount of the fine and surcharge would be suspended. If the magistrate found that the property was not in full compliance, the court would impose an additional jail term of one day per each of the 730 counts.

On May 18, 1992, Thomas filed a pro se appeal of the April 17 order. Douglas County filed a motion to dismiss this appeal and for sanctions. On June 25, 1992, the court held a hearing on Douglas County's motion to dismiss. At this hearing, the court dismissed Thomas' appeal on the grounds that a writ of certiorari is the appropriate procedure for reviewing a decision of the magistrate court as to ordinance violations.

Thomas then filed a motion to amend, modify, and alter sentence and motion in arrest of judgment or, in the alternative, motion for new trial. Thomas apparently argued this motion at the October 15 hearing and the court denied it at that time.

On October 15, after holding the compliance hearing, the court entered an order finding Thomas to be in 90 percent compliance with its April 17 order. It further directed that its April 17 order be enforced, that Thomas pay an $18,250 fine, and that no jail sentence be imposed. The court amended its order on October 20 at the suggestion of Thomas' attorney, to change some of the wording in the order but not the substance.

On October 29, 1992, Thomas filed a petition for writ of certiorari of both the October 15 and October 20 orders. He argued that the magistrate court erred in denying his motion to amend, modify and alter the sentence and motion in arrest of judgment and that the sentence imposed by the October 15 order was improper.

On July 2, 1994, the superior court dismissed the petition on the basis that it was untimely. The court concluded that the petition was not filed within 30 days of the date of the April 17 order and, therefore, all issues resolved by that order were final. The court further concluded that the petition raised no enumerations of error as to the October 15 order.

Thomas then filed and was granted the instant petition for discretionary review of the superior court's order dismissing his petition for writ of certiorari. In this petition, Thomas brings three enumerations of error.

1. The first two enumerations of error contend that the superior court erred in dismissing the petition for certiorari because it incorrectly concluded that the petition was not timely as to the April 17 order and failed to raise any enumeration for review of the October 15 order. Thomas argues that the superior court erred in dismissing his petition because the magistrate court retained jurisdiction over the

matter pending the compliance hearing and thus no final, appealable order was entered until after the hearing on October 15. Further, Thomas argues that the court's imposition of fine and denial of his motions at the October 15 hearing did raise an enumeration for review in the October 15 order.

Citing OCGA § 5-4-6 (a), Thomas argues that writs must be applied for within 30 days after the final determination of a case and, here, the order of final sentence was not imposed until after the compliance hearing on October 15, 1992. He contends that the April 17 order was not final and that certiorari did not lie to correct the errors in that order. Moreover, Thomas argues that even if the attack of the April 17 order through the petition was improper, the superior court erred in dismissing the petition insofar as it challenged the denial of his motions and imposition of the modified sentence.

Douglas County argues that the April order was the final order and that neither the order of October 15 nor that of October 20 found Thomas guilty of any offense or sentenced him to any particular punishment.

Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court. *Vurgess v. State*, 187 Ga. App. 700 (1) (371 SE2d 191) (1988). Although the magistrate court's April 17 order found Thomas in violation of the littering ordinance, it clearly did not impose a final sentence on him until October 15, after the compliance hearing. The matter was thus not fully resolved at the time of the April 17 order. In any event, because Thomas' petition for a writ of certiorari claims the fine imposed upon him exceeds the maximum fine allowed for violation of a county ordinance, which fine was not imposed until the October 15 order, it appears that the superior court's dismissal of the October 29 petition on the grounds that it was untimely and raised no issues as to the October 15 order was erroneous.

2. Thomas' remaining enumeration of error states that the superior court erred in dismissing the petition for certiorari when it erroneously held that the constitutionality of the statutes on which the conviction and sentence were based was not subject to review by a petition for writ of certiorari. This is not correct. The superior court's order dismissing Thomas' petition merely stated that since a petition for writ of certiorari was not filed within 30 days of the April 17 order, then all issues resolved by that order were final. This included the validity of the ordinance under which Thomas was sentenced. Therefore, because of our conclusion above, we need not address Thomas' remaining enumeration of error.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JUNE 1, 1995.

*Kirwan, Goger, Chesin & Parks, Susan M. Garrett*, for appellant.
*William J. Linkous III, Edwards & McLeod, Robert B. Edwards*, for appellees.