# Court of Appeals
# of the State of Georgia

ATLANTA,  May 20, 2015

*The Court of Appeals hereby passes the following order:*

## A15D0383. LEVI ARTHUR FEDD v. THE STATE.

On April 21, 2015, Levi Arthur Fedd filed a rambling, incoherent, pro se application for discretionary appeal, purportedly seeking review of his child molestation conviction. Fedd has not included a copy of his sentence or any document showing the date of his conviction. Although Fedd includes with his application materials an order setting a sentence hearing, signed on February 12, 2014, this order is not a final order, nor is it a stamped "filed" copy as required by Court of Appeals Rule 31 (e). This application must be dismissed for two reasons.

First, to be valid, an application for discretionary appeal must be filed within 30 days after the entry of an appealable order, and this Court lacks jurisdiction to consider an untimely application. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). Here, the only order Fedd included with his 2015 application materials was signed by the judge in February 2014. However, it was not a stamped "filed" copy, as required by Court of Appeals Rule 31 (e). A stamped "filed" copy is required in order for this Court to ascertain that the application was filed within 30 days after entry of the appealable order. On April 24, 2015, this Court ordered Fedd to supplement his application within 10 days with a stamped "filed" copy of the order to be appealed. We noted that failure to comply with this directive would result in dismissal of the application. However, Fedd failed to submit a stamped "filed" copy of the trial court's order within the additional time allowed.

Second, even if Fedd's application could be deemed timely, the order that he wishes to appeal is not a final judgment. "Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling

on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas Co.*, 217 Ga. App. 520 (457 SE2d 835) (1995). The order at issue here merely directs Fedd to appear for a hearing; it does not constitute a final judgment. Accordingly, Fedd was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review signed and entered by the trial court, to appeal the order he included with his application materials.

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*_____05/20/2015_____
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*