# Court of Appeals
# of the State of Georgia

ATLANTA,  April 14, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0369. MOSES DELANO ROSS v. THE STATE.**

Moses Delano Ross filed a motion to dismiss this case based on issues regarding the applicable statute of limitation. The trial court denied his motion. Ross then filed a document entitled "Pro Se Objections Production to Resolve" stemming from the denial of his motion to dismiss. The trial court construed this filing as a motion, which it denied, and Ross filed this application for discretionary appeal. We, however, lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas County*, 217 Ga. App. 520 (457 SE2d 835) (1995). Here, it is clear from the trial court's order that the case remains pending below and the order Ross seeks to appeal is not a final order. Thus, Ross was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), which include obtaining a certificate of immediate review signed and entered by the trial court, to appeal the order he included with his application materials. See *Boyd v. State*, 191 Ga. App. 435 (383 SE2d 906) (1989). Although Ross filed a discretionary application, "[t]he discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6- 34 (b)." *Bailey v. Bailey*,

266 Ga. 832, 833 (471 SE2d 213) (1996). Ross's application for discretionary appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*   04/14/2017
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

                 Stephen E. Castlen
_____ *, Clerk.*