# Court of Appeals
# of the State of Georgia

ATLANTA,  February 14, 2019

*The Court of Appeals hereby passes the following order:*

## A19A1049.  MICHAEL C. HALL et al. v. DAVIS LAWN CARE SERVICE, INC. et al.

This case arose from a vehicle collision in which the mother of two minor children was killed.  Margaret Hill, the grandmother and guardian ad litem of the minors, along with Michael C. Hall, the conservator for both minors, are plaintiffs in a suit against the defendants, Lennoris Jackson, Davis Lawn Care Service, Inc., and Michelin North America, Inc., for the wrongful death of the minors' mother.  Hall filed a "Notice to Court of Improper Plaintiff and Counsel and Request for Dismissal Without Prejudice" and motion "to Vacate the Guardian Ad Litem," which the trial court denied, finding Hill was the proper party at the time she filed suit to bring the action on behalf of the minors as their guardian ad litem.  Thereafter, Hall filed a motion to drop Hill from the case, which the trial court denied on May 17, 2018.  Hall then filed a motion for reconsideration and "Motion for Declaratory Judgment and Motion to Stay."  The trial court subsequently declined to reconsider its previous order and denied the other motion as moot because the issues and facts had already been presented and ruled on.  Hall then filed this direct appeal.  Hill has filed a motion to dismiss the appeal, arguing Hall was required to follow the interlocutory appeal procedure because the action remains pending below.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995); see also OCGA § 5-6-34 (a) (1).  All parties agree that this case remains pending in the trial court.  However,

Hall contends in his notice of appeal and response to the motion to dismiss that the order is otherwise appealable under OCGA § 9-4-2 as a declaratory judgment or under the collateral order doctrine.

First, the trial court's order is not a declaratory judgment. Rather, in its order, the trial court denies making a declaratory judgment. Consequently, the order is not appealable under OCGA § 9-4-2. Second, the collateral order doctrine is not applicable. "The collateral order doctrine permits appeals from a small category of decisions that are (i) conclusive, (ii) that resolve important questions separate from the merits, and (iii) that are effectively unreviewable on appeal from the final judgment in the underlying action." *Expedia, Inc. v. City of Columbus*, 305 Ga. App. 450, 452 (1) (699 SE2d 600) (2010) (punctuation omitted). The trial court's order at issue here does not fall into this small category.

Accordingly, because the case remains pending below, Hall was required to comply with the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal. See OCGA § 5-6-34 (b); see also *MNM 5 v. Anderson/6438 Northeast Partners, Ltd.*, 215 Ga. App. 407, 408 (1) (451 SE2d 788) (1994). Hill's motion to dismiss is hereby GRANTED, and this appeal is DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 02/14/2019
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


*, Clerk.*