# Court of Appeals
# of the State of Georgia

ATLANTA,  January 25, 2022

*The Court of Appeals hereby passes the following order:*

## A22D0197. JONAH ADDIS v. DEAUNA MCQUEEN.

This domestic relations case involves the ongoing divorce proceedings between Jonah Addis and Deauna McQueen. On August 17, 2021, the trial court entered an order finding Addis in contempt for failing to pay child support as required by a temporary support order. The August contempt order gave Addis 15 days to purge himself of contempt. After Addis failed to purge the contempt, the court entered an order on October 27, 2021, directing Addis's arrest. Seeking to appeal that order, Addis, acting pro se, filed an "Application for Emergency Action" in the Georgia Supreme Court on December 3, 2021. The Supreme Court treated this filing as an application for a discretionary appeal and transferred the case to this Court. See Case No. S22D0447 (December 10, 2021). McQueen then filed a motion to dismiss the application. We find that this Court lacks jurisdiction for two reasons.

First, to the extent Addis's filing can be viewed as an application for a discretionary appeal, it is untimely. A discretionary application must be filed within 30 days of entry of the order sought to be appealed.  OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot consider an application for appeal that fails to comply with those requirements. *Hair Restoration Specialists v. State*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021). See also *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016) (holding that an appellate court lacks jurisdiction over an untimely application for discretionary appeal). Addis's application seeking a discretionary appeal was filed 37 days after entry of the trial court's contempt order directing his arrest, and we are therefore without jurisdiction to consider it.

Second, "an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995). The order that Addis seeks to appeal is not final, as the divorce case remains pending below. Accordingly, Addis was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). And as has been explained, where both discretionary and interlocutory appeal procedures apply, an applicant must follow the interlocutory appeal procedures and obtain a timely certificate of immediate review from the trial court before filing an application. See *Scruggs*, 261 Ga. at 588-589 (1). Here, Addis failed to obtain a certificate of immediate review, and this failure also serves to deprive us of jurisdiction over this application. See *Bailey*, 266 Ga. at 833.

For the reasons set forth above, we GRANT McQueen's motion to dismiss and hereby DISMISS this application.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 01/25/2022

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*

*, Clerk.*