# Court of Appeals
# of the State of Georgia

ATLANTA,  February 10, 2022

*The Court of Appeals hereby passes the following order:*

## A22D0228. GREGORY N. CRAWFORD v. AUBREY L. SMITH.

In 2018, the trial court entered a consent judgment of legitimation between Gregory Crawford and Aubrey Smith, who have one minor child. Crawford later sought and obtained an ex parte order prohibiting the minor child from having contact with a friend of Smith's, and the no-contact provision was upheld in the trial court. In July 2020, Smith filed a counterclaim seeking relief as to custody and visitation, and in November 2021, amended her counterclaim seeking an upward modification of child support. A final hearing was scheduled to occur on December 1 and 2, 2021, but prior thereto, Crawford requested a jury trial on the child support modification requested by Smith. On December 21, 2021, the trial court entered its "Order on Temporary Child Support and Temporary Attorney's Fees," in which it increased Crawford's child support obligation and ordered him to pay $10,000 in attorney fees but reserved all other issues concerning custody, visitation, child support, and additional attorney fees. Crawford has filed a pro se application for discretionary appeal seeking to challenge the order. We, however, lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995). It is clear from the trial court's order that the case remains pending below, and no final judgment has been entered. Therefore, the order that Crawford wishes to appeal is interlocutory in nature. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588 (1) (408 SE2d 103) (1991). A party seeking appellate review from an interlocutory order must follow the

interlocutory application procedure set forth in OCGA § 5-6-34 (b), which includes obtaining a certificate of immediate review from the trial court. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996). OCGA § 5-6-35, which governs the discretionary appeal procedure, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey*, supra; *Scruggs*, supra. Crawford's failure to follow the interlocutory appeal procedure deprives us of jurisdiction over this application, which is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
          *Clerk's Office, Atlanta,* __02/10/2022__

          *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

          *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*