# Court of Appeals
# of the State of Georgia

ATLANTA,  June 09, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1464.  PABLO GUEVARA et al v. DAVID PANAMENO.**

This case arises from an auto accident. In February 2019, Pablo Guevara filed a personal injury suit against David Panameno in Gwinnett County State Court, which was docketed as CAFN 19-C-01423-S6. Several weeks later, Panameno filed his own suit against Guevara and Guevara's employer, Ministerios Mas Que Vencedores, Inc., also in Gwinnett County State Court. The second suit was docketed as CAFN 19-C-02314-S1. After more than a year of litigation, defendant Panameno filed a motion in CAFN 19-C-01423-S6 to file a late counterclaim and add Guevara's employer to the case, but the motion was denied on November 5, 2020. Thereafter, Guevara and his employer filed a motion to dismiss CAFN 19-C-02314-S1. Considering both cases, on February 9, 2022, the trial court entered an order: (1) vacating the November 5 order disallowing Panameno's counterclaim; (2) allowing Panameno to assert a counterclaim against Guevara and Guevara's employer; (3) merging all the pleadings from both cases into CAFN 19-C-01423-S6; (4) closing the other case, CAFN 19-C-02314-S1; and (5) changing the caption to include all the parties. Guevara and Ministerios Mas Que Vencedores, Inc. filed a timely notice of appeal. We lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995); see also OCGA § 5-6-34 (a) (1). Here, although the court closed one of the cases that had been originally filed, it is clear that the parties' claims against each other remain pending below in the

remaining case, CAFN 19-C-01423-S6. See *Duke v. Hill*, 132 Ga. 173, 173 (63 SE 823) (1909) (holding that an order consolidating two cases with a third and providing that they be tried as one is not a final decision or judgment in any of the cases). Consequently, Guevara and Ministerios Mas Que Vencedores, Inc. were required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to obtain appellate review at this juncture. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Their failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __06/09/2022__
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*