# Court of Appeals
# of the State of Georgia

ATLANTA,  December 21, 2022

*The Court of Appeals hereby passes the following order:*

**A23D0152.  MAXWELL C. MINNIS v. JANICE MINNIS.**

In this pending divorce action, the trial court granted Janice Minnis' motion to strike the answer and counterclaim filed by her husband, Maxwell Minnis. In doing so, the court explained that Maxwell Minnis had failed to provide responses to Janice Minnis' discovery requests, and stated that it was reserving ruling on the award of attorney fees under OCGA § 9-11-37 (a) (4) (A). Proceeding pro se, Maxwell Minnis seeks discretionary review of the trial court's order. For the reasons set forth below, we lack jurisdiction.

The order Maxwell Minnis seeks to appeal is not a final judgment and the case remains pending in the superior court. See *Melton v. Grider*, 119 Ga. App. 376 (166 SE2d 915) (1969) ("an order striking the answer and cross action of the defendants and refusing to open the default is not an order which can be directly appealed"); see also *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995) ("Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court."). Here, the court struck Maxwell Minnis' answer and counterclaim as authorized by OCGA § 9-11-37 (b) (2) (C), which also permits a court to impose the sanction of a judgment by default. But the trial court did not enter a default judgment, nor did it  make an express determination of finality under OCGA § 9-11-54 (b). The order Maxwell Minnis seeks to appeal did not completely resolve the case.

In order to appeal such an order, Maxwell Minnis was required to comply with the interlocutory appeal procedure under OCGA § 5-6-34 (b) and obtain a certificate of immediate review. See *Melton*, 119 Ga. App. at 376. When a matter is both discretionary and interlocutory, "[t]he discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b)." *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); see also *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 589 (1) (408 SE2d 103) (1991).

Maxwell Minnis' failure to follow the proper appellate procedure deprives us of jurisdiction to consider his application. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _12/21/2022_

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____, *Clerk.*