# Court of Appeals
# of the State of Georgia

ATLANTA,  January 03, 2023

*The Court of Appeals hereby passes the following order:*

## A23D0169. JEFFREY A. FORBRICK v. DAWN M. FORBRICK.

Jeffrey A. Forbrick ("Father") and Dawn M. Forbrick ("Mother") divorced in March 2021. In August 2021, Father filed an "Application for Citation of Contempt and Petition for Modification of Custody, in the Alternative, for Modification of Parenting Plan." Mother filed a motion to dismiss the petition. After a hearing, the trial court granted in part and denied in part Mother's motion to dismiss, finding that the motion to dismiss should be granted as it related to the modification of custody, but it should be denied as it related to the modification of visitation and parenting time. Thereafter, Father filed a "Motion to Reconsider, Set Aside and New Trial." At the hearing on the motion, Mother made an oral motion for attorney fees. The trial court subsequently denied Father's motion and granted Mother's oral motion for attorney fees pursuant to  OCGA § 19-6-2. Father then filed this application for discretionary appeal seeking to challenge the award of attorney fees.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995); see also OCGA § 5-6-34 (a) (1). Here, the contempt proceeding remains pending as to the modification of visitation and parenting time claim. Thus, the order Father seeks to appeal is interlocutory. As a general rule, "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody" are directly appealable, including interlocutory custody orders.  See OCGA § 5-6-34 (a) (11); *Lacy v. Lacy*, 320 Ga. App. 739, 742 (3) (740 SE2d 695) (2013). Where as here, however, an order

involving child custody also addresses additional issues, we look to the specific issue the party seeks to raise on appeal to determine whether that party is entitled to a direct appeal. See *Voyles v. Voyles*, 301 Ga. 44, 45-47 (799 SE2d 160) (2017). And as noted above, Father does not seek to appeal the trial court's custody ruling but rather the award of attorney fees. Accordingly, he was required to follow the interlocutory appeal procedures as set forth in OCGA § 5-6-34 (b) by timely seeking a certificate of immediate review in the superior court and thereafter filing an application for an interlocutory appeal. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991) (where both discretionary and interlocutory appeal procedures apply, an applicant must follow the interlocutory appeal procedures and obtain a timely certificate of immediate review from the trial court before filing an application); *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996) (even if a domestic relations case, "[t]he discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b)."). Father's failure to comply with the interlocutory appeal requirements deprives us of jurisdiction to consider this application, which is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,___01/03/2023_____

    I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

    Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.