# Court of Appeals
# of the State of Georgia

ATLANTA,  October 18, 2023

*The Court of Appeals hereby passes the following order:*

**A24D0076. TAMMIE PHILIPS v. RELIABLE PROPERTY SOLUTIONS, LLC.**

Reliable Property Solutions, LLC ("Reliable") sued Tammie Philips for breach of contract, and Philips filed an answer and counterclaim. The trial court found Philips in contempt of a discovery order and entered an order striking her answer and counterclaim and ordering her to pay $2,040.00 in sanctions to Reliable under OCGA § 9-11-37. Philips filed a motion to set aside the court's sanctions order, which the trial court denied. Philips has now filed this application for discretionary review. We, however, lack jurisdiction.

The order Philips seeks to appeal is not a final judgment and the case remains pending in the superior court. See *Melton v. Grider*, 119 Ga. App. 376, 376 (166 SE2d 915) (1969) (an order striking the answer is not an order which can be directly appealed); see also *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995) ("Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court."). Here, the court struck Philips' answer and counterclaim as authorized by OCGA § 9-11-37, which also permits a court to impose the sanction of a judgment by default. But the trial court did not enter a default judgment, nor did it make an express determination of finality under OCGA § 9-11-54 (b). Thus, the order Philips seeks to appeal did not completely resolve the case.

In order to appeal such an order, Philips was required to comply with the interlocutory appeal procedure, including obtaining a certificate of immediate review

from the trial court. See OCGA § 5-6-34 (b). When a matter is both discretionary and interlocutory, "[t]he discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b)." *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); see also *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 589 (1) (408 SE2d 103) (1991).

Philips' failure to follow the proper appellate procedure deprives us of jurisdiction to consider this application. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   10/18/2023         *
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_                          *, Clerk.*