# Court of Appeals
# of the State of Georgia

ATLANTA,  November 03, 2025

*The Court of Appeals hereby passes the following order:*

## A26D0132. JOHN CARTER ROWLAND BIRD v. MARIA ELENA BIRD.

Maria Elena Bird sued John Carter Rowland Bird ("Applicant") for divorce. Applicant filed a motion to dismiss the complaint for lack of personal jurisdiction. He further contended that because the parties were never legally married, the complaint failed to state a claim for relief. The trial court denied the motion, ruling that the parties had a valid marriage and it had jurisdiction over Applicant. The court's order also denied Applicant's request for a certificate of immediate review. Applicant seeks discretionary review, but we lack jurisdiction.

Ordinarily, appeals from "judgments or orders in divorce, alimony, and other domestic relations cases" must be brought by application for discretionary appeal. See OCGA § 5-6-35 (a) (2); *Russo v. Manning*, 252 Ga. 155, 155 (312 SE2d 319) (1984). However, the order that Applicant seeks to appeal is interlocutory, as no final judgment has been entered. See *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995) ("[A]n order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court."). See also OCGA § 5-6-34 (a) (1) (B).

Accordingly, to obtain immediate review of the trial court's order, Applicant was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). And where both discretionary and interlocutory appeal procedures apply, an applicant must

follow the interlocutory appeal procedures and obtain a timely certificate of immediate review from the trial court before filing an application. See *Scruggs*, 261 Ga. at 588-589 (1). Further, the denial of a certificate of immediate review is not subject to either a direct or discretionary appeal. *Price v. State*, 237 Ga. 352, 352 (2) (227 SE2d 368) (1976); OCGA § 5-6-35 (a).

Applicant's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this discretionary application, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
   Clerk's Office, Atlanta,___11/03/2025_____

   I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

   Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.