# Court of Appeals
# of the State of Georgia

ATLANTA, June 26, 2026

*The Court of Appeals hereby passes the following order:*

**A25D0572. MICHELLE KWAK v. SOON YOON.**

Soon Yoon obtained a default judgment against Michelle Kwak in the Superior Court of California, County of Los Angeles. Yoon later filed this action in the Gwinnett County State Court, asking that the California judgment be given full faith and credit under Georgia law.[1] Kwak filed a motion to set aside the default judgment and dismiss the case, claiming that the California court lacked personal jurisdiction over her. The Gwinnett County State Court denied Kwak's motion, and she now seeks discretionary review in this Court. Yoon has filed a motion to dismiss the application as premature. We agree with Yoon that we lack jurisdiction.

Although the Gwinnett County State Court denied Kwak's motion to set aside the California judgment, it appears that the state court has not yet entered a final judgment on Yoon's complaint. Accordingly, the order that Kwak wishes to appeal is interlocutory. See *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995) ("[A]n order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court."). See also OCGA § 5-6-34(a)(1)(B).

Accordingly, to obtain immediate review of the Gwinnett County State Court's

---

[1] Yoon did not follow the summary procedure for domesticating a foreign judgment under Georgia's Uniform Enforcement of Foreign Judgments Law. See OCGA § 9-12-130 et seq. Instead, she filed "a proceeding against a judgment debtor via the usual means of filing an action against the debtor." OCGA § 9-12-136.

order, Kwak was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34(b). See *Bailey v. Bailey*, 266 Ga. 832, 832–33 (471 SE2d 213) (1996)*; Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588–89(1) (408 SE2d 103) (1991). And where both discretionary and interlocutory appeal procedures apply, an applicant must follow the interlocutory appeal procedures and obtain a timely certificate of immediate review from the trial court before filing an application. See *Scruggs*, 261 Ga. at 588–89(1).

Kwak's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this discretionary application. Yoon's motion to dismiss is therefore GRANTED, and this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 06/26/2026

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*